UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
**IDALIA MALDONADO,**

                       **Plaintiff,**                             **COMPLAINT-**
                                                                         **JURY TRIAL**

   **-against-**

                                                                                      **Index # 16-cv-3813**

**JOHN DOE #1, JOHN DOE #2, JOHN DOE #3,
JOHN DOE #4, each members of the New York City Police Department,
CITY OF NEW YORK**

                       **Defendant.**
-----------------------------------------------------------------------X

      Plaintiff, IDALIA MALDONADO, by and through her attorneys, Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, & Wolf, LLP, complains and alleges as follows:

## INTRODUCTORY STATEMENT

      On a quiet April evening Idalia Maldonado was at home alone until she heard a loud bang at her door. She looked through the peephole of her front door and did not recognize the men there so she decided to go into her bedroom hoping they would go away. Instead, they somehow entered her apartment, proceeded to bang on her bedroom door and yelled at her to open her to come out. Eventually they identified themselves as police officers and asked Ms. Maldonado if she knew someone by the name of "Salvador", whom she did not. The officers proceeded to search through her house while she was only dressed in pajama shorts and a T-shirt. At no point did they ask permission to enter her home or permission to search through her home and belongings. The officers never presented Ms. Maldonado with a warrant to search or enter her home. As they were leaving, the officers threatened to return at 5:00 AM when they would kick down her door and have her deported for not assisting them.

These actions are violative of Ms. Maldonado's constitutional rights pursuant to the Fourth and Fourteenth Amendments. Moreover, the lawless actions of these unknown officers were sanctioned and/or encouraged by the policies and practices of the City of New York, acting through the New York City Police Department. These actions also constitute a common law trespass and caused the negligent infliction of emotional distress upon Ms. Maldonado.

## JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this court pursuant to the following provisions: 28 U.S.C. § 1331, which authorizes original jurisdiction to the district court of all civil actions arising under the Constitution, laws or treaties of the United States; 28 U.S.C. §1343 (a)(3) which grants jurisdiction to the district court of any action to recover damages or to secure equitable or other relief under an act of Congress providing equal rights of citizens or of all persons within the jurisdiction of the United States; 28 U.S.C. §1367(a), which confers supplemental jurisdiction over any related claims pursuant to state law.

2. Venue is proper pursuant to 28 U.S.C. §1391(e), which provides that a civil action may be brought in a judicial district in which a substantial part of the events giving rise to the claim occurred.

## THE PARTIES

3. The plaintiff is a resident of the State of New York and resides at 400 Main Street, Apt #3, Port Washington, New York 11050.

4. The defendants John Doe ## 1-4 were at times relevant in this complaint members of the New York City Police Department ("NYPD") acting in their official capacity. Their true identities are unknown at this time.

5. The defendant, City of New York is a municipal corporation duly authorized under the laws of the State of New York. The City of New York is authorized under the laws of the State of New York to maintain a police department, the NYPD.

**FACTS**

6. Idalia Maldonado was at home, 400 Main Street, Apt #3, Port Washington, NY 11050, on April 6, 2016 at approximately 7:40 PM when she heard a loud knock at her door.

7. She approached the door and through the peephole she saw two strange men she did not know. She decided not to open the door and returned to her bedroom, hoping they would go away.

8. The banging continued and she became very nervous, wondering what was going on. At no point did the individuals announce who they were.

9. After a few minutes, Ms. Maldonado heard footsteps inside her apartment in her living room. Somehow the men had entered her apartment without her permission.

10. These men began knocking on her bedroom door demanding that she come out.

11. Ms. Maldonado complied and the men told her to sit on her sofa. At this point she was wearing only pajama shorts and a T-shirt. There were three officers inside her apartment and a fourth remained outside.

12. The men finally identified themselves as police officers and informed Ms. Maldonado that they were searching for a man named "Salvador."

13. Ms. Maldonado did not know anyone by that name, nor did anyone by that name live in her apartment.

14. Ms. Maldonado requested that the officers show them a warrant of some kind, but the officers refused to produce any warrant.

15. The officers accused Ms. Maldonado of hiding "Salvador" even though she did not know who he was.

16. The officers proceeded to search through the three bedrooms in the apartment, going through dresser drawers, closets and personal belongings.

17. They went so far as to lift mattresses off of beds, and rummage through the medicine cabinets in the bathroom.

18. Two officers went upstairs to search the attic while they continued to pressure Ms. Maldonado to provide information on the whereabouts of "Salvador."

19. After 20 minutes or so the officers left, threatening Ms. Maldonado that they would return at 5:00 AM to knock down her door and deport her from the country for her refusal to cooperate.

20. During the incident Ms. Maldonado was terrified for her life and safety. She has suffered shock, humiliation, fright and embarrassment. As a result, she suffers ongoing and continuing emotional harm.

21. The actions of John Doe ## 1-4 were the result of the failure of the City of New York, through the NYPD, to properly train, supervise and discipline its officers, including defendants John Doe ##1-4.

22. This failure to train, supervise, and/or discipline is a consequence of the deliberate policies and practices of the City of New York and its NYPD.

23. Upon information and belief, The City of New York, through the NYPD, has developed, implemented, enforced, encouraged, and sanctioned a de facto policy, custom and/or practice of unlawfully entering citizen's residences and conducting searches, to locate individuals suspected of unlawful activity without a search and/or arrest warrant.

## CAUSES OF ACTION

### First Cause of Action

24. The plaintiff repeats and realleges each and every allegation contained herein.

25. By the conduct described herein, John Doe ##1-4, acting under color of law, violated the plaintiff's rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution by entering her home and conducting an unlawful search of her home and property.

### Second Cause of Action

25. The plaintiff repeats and realleges each and every allegation contained herein.

26. By the conduct described herein, John Doe ##1-4, acting under color of law, violated the plaintiff's rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution by conducting a false and unlawful arrest.

### Third Cause of Action

27. The plaintiff repeats and realleges each and every allegation contained herein.

28. By the conduct described herein, John Doe ##1-4 committed a trespass against the plaintiff by entering her home without permission or legal authority.

### Fourth Cause of Action

29. The plaintiff repeats and realleges each and every allegation contained herein.

30. By the conduct described herein, John Doe ##1-4 committed a common law false arrest against the plaintiff by entering her home and detaining her.

### Fifth Cause of Action

31. The plaintiff repeats and realleges each and every allegation contained herein.

32. By the conduct described herein, John Doe ##1-4 negligently inflicted emotional distress upon the plaintiff by breaching a duty of care to Ms. Maldonado in violating her constitutional rights and as a direct and proximate result causing her severe emotional harm.

### Sixth Cause of Action

33. The plaintiff repeats and realleges each and every allegation contained herein.

34. The City of New York, acting through the NYPD, developed, implemented, endorsed, encouraged, and sanctioned de facto policies, customs, and practices exhibiting deliberate indifference to the Plaintiff's constitutional rights, which thereby caused the violation of such rights.

35. Upon information and belief, The City of New York, through the NYPD, has developed, implemented, enforced, encouraged, and sanctioned a de facto policy, custom and/or practice of unlawfully entering citizen's residences and conducting searches, to locate individuals suspected of unlawful activity without a search and/or arrest warrant.

36. The constitutional violations committed by John Doe ##1-4 against the plaintiff were directly and proximately caused by the policies, customs, and/or practices developed, implemented, enforced, encouraged and sanctioned by the City of New York, through the NYPD.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) A jury trial;

(B) Judgment against the defendant pursuant to 28 U.S.C. §2201 and Fed R. Civ. P. 57 declaring that the actions of the defendant has violated the Fourth and Fourteenth Amendments to the United States Constitution;

(C) Compensatory damages in an amount to be determined at trial;

(D) Punitive damages in an amount to be determined at trial;

(E) Attorney's fees pursuant to 42 U.S.C. §1988;

(F) Costs and disbursements; and

(G) Any other relief that this Court deems just and proper

Dated: July 8, 2016
Lake Success, New York


\_*ERIC BROUTMAN*_____
Eric Broutman
Abrams, Fensterman, Fesnterman, Eisman,
Formato, Ferrara, & Wolf, LLP
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042
(516) 592-5857
` EBroutman@Abramslaw.com